**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-2251**

_____

CHEN JING,

          Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  June 22, 2009        Decided:  July 24, 2009

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Eric Y. Zheng, New York, New York, for Petitioner.  Michael F. Hertz, Acting Assistant Attorney General, William C. Peachey, Assistant Director, Matthew A. Spurlock, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chen Jing, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2008), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). Without regard to past persecution, an alien can

2

establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she were removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial

3

evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). The immigration judge's order is the final decision for this court's review as a result of the Board's affirmance without opinion. Khattak v. Ashcroft, 332 F.3d 250, 253 (4th Cir. 2003).

We find substantial evidence supports the Board's finding that Jing did not establish a well-founded fear of persecution. Because Jing did not meet her burden of proof to qualify for asylum, she is necessarily ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We also find the Board did not engage in any improper factfinding. We further find the Board did not err in finding that Jing did not establish that it was more likely

4

than not she will be tortured if returned to China; thus, Jing is not eligible for relief under the CAT. <u>See</u> 8 C.F.R. § 208.16(c)(2) (2009).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

5